SCOTT, P. J. The evidence showed that a heavy truck belonging to plaintiff was driven onto defendant's downtown track in Lexington avenue at Sixty-Second street. It proceeded safely at a walk down the avenue, on the westerly south-bound track, until it arrived at Sixty-First street, when it attempted to turn to the westward into Sixty-First street. The horses had been brought clear into the side street, and the truck had been partly turned in the same direction, and was about to leave the track entirely, when a south-bound car belonging to the defendant ran into the truck, overturning and damaging it. The court dismissed the complaint, upon the ground that plaintiff had failed to show the defendant's negligence, or a lack of contributory negligence on the part of the driver of the truck.

In our opinion the circumstances created such a presumption of negligence on defendant's part that it should have been put to its defense. There have been very many cases in which a railroad company has been held free from fault for a collision between a car and a vehicle driven onto the track, but there is a vast difference between that case and one in which the collision occurs while the vehicle is leaving the track. In the present case the truck had gone onto the track safely, and had proceeded along it safely for a whole block. The day was clear and bright, and the inference is that the motorman must have seen the truck in front of him. To turn off the track did not create any more dangerous situation than had existed before the truck began to turn off. Assuming that the motorman saw the truck on the track ahead of him, if it had stayed on the track he would not have been justified in running into it, and the fact that it attempted to get out of his way did not justify him in so doing. It is said that the car had the paramount right of way so far as the track was concerned. If this is so, the truck should have got off the track, and it was doing this when it was overturned. It is urged that the driver did not look back before he turned off. It is not apparent that it would have done any good if he had. If he had been driving onto the track, and thus passing from a position of safety to one of possible danger, he should, of course, have looked out for the car. But he was driving off the track, from a position of possible collision to one of safety. The act of turning off did not increase the danger, and, if the driver had looked back and seen the car near him, he could have done only what he did, unless he had stayed on the track directly in the way of the approaching car. We are of opinion that enough appeared to justify the submission of the case to the jury.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.

---

### DE LUCA v. ARCHER MFG. CO.

(Supreme Court, Appellate Term. February 27, 1906.)

1. CHATTEL MORTGAGES—PAYMENT—TENDER.

Where a chattel mortgagor voluntarily surrendered possession to the mortgagee; taking a receipt reciting that the chattels were taken for storage, he could not obtain repossession without tendering the amount of the indebtedness in an equitable action.

**2. COURTS—JURISDICTION—MUNICIPAL COURT OF NEW YORK.**
The Municipal Court of New York City has no jurisdiction of an equitable action by a mortgagor to regain possession of the chattels which he had voluntarily surrendered to the mortgagee.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Ferdinando De Luca against the Archer Manufacturing Company. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before SCOTT, P. J., and GIEGERICH and GREENBAUM, JJ.

John T. Booth, for appellant.

SCOTT, P. J. This judgment cannot stand, and upon the admitted facts the plaintiff cannot recover in this action. In January, 1900, one Ferdinando Cinque gave to defendant a chattel mortgage covering some barber's furniture as security for the payment of $776, in weekly installments of $4 each. This mortgage was duly refiled from year to year, so as to be kept alive. Cinque paid with more or less regularity, and in October, 1901, being then in arrear, sold the chattels to plaintiff under a bill of sale, which recited that the sale was made subject to the mortgage. Thereafter plaintiff made some payments upon the mortgage, and in February, 1903, he voluntarily surrendered possession of the chattels to defendant, taking a receipt, which recited that they came back for storage. Plaintiff continued to make payments until April, 1903, when he stopped paying. At that time he was about $220 in arrear, and he has never since paid or tendered anything on account of the amount due upon the mortgage. This action was begun more than two years thereafter. It is not disputed that the defendant lawfully obtained repossession of the chattels, and that there was at the time of such repossession a large amount due thereon. Under these circumstances, the plaintiff cannot obtain possession of them without paying or tendering the amount due thereon, and then, if at all, only in an equitable action, of which the Municipal Court has no jurisdiction.

The judgment must be reversed, with costs to appellant, and the complaint dismissed, with costs. All concur.